UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GORDON E. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00367-GZS |
| | ) | |
| RODNEY BOUFFARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Gordon E. Perry, proceeding *pro se*, seeks relief from various individuals associated with the Maine State Prison for the loss of his property and for the denial of his prison grievance.

The matter is before the Court on Defendants' Motion to Dismiss (ECF No. 20).[1] As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court grant the motion.

**Factual Background**

The facts set forth herein are derived from the factual allegations of Plaintiff's pleadings, which allegations are deemed true when evaluating the Motion to Dismiss.[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

---

[1] The Court referred the motion for report and recommended decision.

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

*Plaintiff's original complaint*

For a two-week period in May or June 2014, Plaintiff was assigned to the Maine State Prison's special management unit rather than his "old cell." (PageID # 5.) According to Plaintiff, while he was not residing in his "old cell," unnamed officers in charge of the cell block left Plaintiff's personal property in his cell with Plaintiff's roommate, and eventually transferred it to "property uninventoried sitting on the floor with no sign of who dropped it off." (*Id.*) Plaintiff alleges that he lost his property, and seeks reimbursement in the amount of $688.00. (PageID # 3.)

Plaintiff filed a grievance regarding the matter, but the grievance officer dismissed the grievance because it was not filed timely, even though the officer agreed that the grievance had merit. The grievance officer denies almost all grievances "to please Warden Bouffard who allows him to do these things." (PageID # 5.)

In his Complaint, Plaintiff named as defendants Rodney Bouffard and the Maine State Prison. (PageID # 1.)

*Plaintiff's amended complaint* [3]

Plaintiff filed a verified amended complaint (ECF No. 21) in response to Defendants' Motion to Dismiss. In the amended complaint, Plaintiff incorporates the allegations of his Complaint (PageID # 43), "withdraws the Maine State Prison" as a defendant (PageID # 45), and proposes adding as defendants Unit Manager "Mr. Mendez," Grievance Review Officer Wendell Atkinson, and Doe defendants who are intended to represent the unknown officers who moved the

---

[3] Plaintiff filed an amended complaint just beyond the 21-day period within which he was entitled to amend his complaint as a matter of course. See Fed. R. Civ. P. 15(a)(1)(B). Defendant has not objected to the amendments on this basis. In the absence of Defendants' consent or leave of court, the amended pleadings are not, technically, before the Court. Nevertheless, this recommendation will address the allegations in the amended complaint.

property without identifying it as Plaintiff's property (PageID # 42-43). Plaintiff also attempts to clarify that his property was left in his cell during his placement in segregation and, because it was not secured, the property was "available to any and all prisoners for the taking." (PageID # 43.)

Plaintiff alleges that Mr. Mendez was responsible to secure Plaintiff's property when Plaintiff was placed in segregated confinement. (PageID # 45.) Additionally, Plaintiff maintains that Warden Bouffard and Unit Manager Mendez "are liable as supervisory parties of the guards working under their supervision." (*Id.*) "John Doe and Jane Doe would be guards placed within the pod that the Plaintiff's property was left unsecured within." (*Id.*)

## DISCUSSION

### A.     The Motion to Amend Standard

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

### B.     The Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon

3

which relief can be granted." In its assessment of the motion, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, the plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim(s) at issue. *Id.*

**C.    Analysis**

Plaintiff's action arises under the federal civil rights statute, 42 U.S.C. § 1983. A § 1983 action must be based on "rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Id.* While section 1983 authorizes a cause of action based on the deprivation of a constitutional right, § 1983 does not confer any substantive rights. Rather, it provides only "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979). "As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis,* 523 U.S. 833, 842 n. 5 (1998).

   *1.    There is no constitutional right to a satisfactory grievance review process.*

Plaintiff's contention that Grievance Review Officer Atkinson violated his constitutional rights when he denied Plaintiff's grievance fails to state an actionable claim. "The creation of procedural guidelines to channel the decisionmaking of prison officials" does not, "without more," give rise to a federal right. *Hewitt v. Helms*, 459 U.S. 460, 471 (1983). The constitution does not guarantee an effective grievance procedure and the existence of a grievance procedure does not confer upon prisoners any substantive right. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir.

4

2011) (collecting cases); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Because Plaintiff's allegations regarding the denial of his grievance do not state a claim, the allowance of Plaintiff's proposed amended complaint to assert such a claim against any defendant would be futile.

### 2. *Supervisory officers are not vicariously liable under § 1983.*

Liability under § 1983 does not include the common law tort theory of vicarious liability. "Public officials may be held liable under § 1983 for a constitutional violation only if a plaintiff can establish that his or her constitutional injury 'resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'" *Ocasio–Hernandez v. Fortuno–Burset,* 640 F.3d 1, 16 (1st Cir.2011) (quoting *Rodríguez–García v. Miranda–Marín,* 610 F.3d 756, 768 (1st Cir. 2010)).

"Because precise knowledge of the chain of events leading to the constitutional violation may often be unavailable to a plaintiff" at the pleading stage of the litigation, *id.,* courts often must turn to "judicial experience and common sense," *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009), to make "a contextual judgment about the sufficiency of the pleadings," *Sanchez v. Pereira–Castillo,* 590 F.3d 31, 48 (1st Cir. 2009). In this case, Plaintiff's allegations against the supervisory officers (the warden and the unit manager) lack the requisite context to suggest a plausible basis upon which the officers, based on their conduct in their supervisory capacities, could be personally liable for the disappearance of Plaintiff's property.[4] Accordingly, Plaintiff's proposed amendment to assert a claim against Defendant Mendez would be futile, and his assertions against Defendant Bouffard are insufficient to state a claim.

---

[4] Plaintiff also alleges that Defendant Mendez had the personal responsibility to see to the security of his property.

### *3. The disappearance of Plaintiff's property does not constitute a due process claim.*

In his original complaint, Plaintiff asserts a claim against the Maine State Prison and Defendant Bouffard for the loss of his property. Plaintiff subsequently withdrew his claim against the Maine State Prison. In addition, as explained above, Plaintiff has asserted no facts to support a supervisory claim against Defendant Bouffard.

The issue, therefore, is whether Plaintiff has asserted an actionable claim in his proposed amended complaint. In the amended complaint, Plaintiff alleges that the Doe Defendants and Unit Manager Mendez were responsible for securing Plaintiff's property after his placement in segregation (PageID # 45) and that as the result of their failure to satisfy this responsibility, Plaintiff's property was unprotected and available for any prisoner (PageID # 43).

The only federal claim that Plaintiff's allegations could conceivably assert as the result of the loss of his property is a fourteenth amendment claim of denial of due process. However, "[w]hen a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials, ... the [Supreme] Court has repeatedly emphasized that the due process inquiry is limited to the issue of the adequacy of postdeprivation remedies provided by the state." *Lowe v. Scott,* 959 F.2d 323, 340 (1st Cir. 1992). In the context of a prisoner claim, the Maine Supreme Judicial Court has held that a prisoner may bring a petition under Rule 80C of the Maine Rules of Civil Procedure to request judicial review of the actions of Department of Corrections officers and that the prisoner may also add to the petition an independent claim for damages. *Fleming v. Comm'r, Dep't of Corr.*, 2002 ME 74, ¶¶ 8-9, 795 A.2d 692, 695. Given the availability of post-deprivation remedies,[5] and the fact that Plaintiff's allegations describe either negligent or

---

[5] *See also MacKerron v. Madura,* 474 A.2d 166, 167 (Me.1984) ("The Maine Tort Claims Act confers no immunity on governmental employees for intentional torts."); *Giguere v. Morrisette,* 142 Me. 95, 98-99, 48 A.2d 257, 259 (1946) (describing common law "trover" action).

intentional conduct[6] on the part of the newly proposed defendants, Plaintiff's proposed amendment fails to state a claim under § 1983. The amendment would thus be futile.[7]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court (1) grant Defendants' Motion to Dismiss (ECF No. 20),[8] and (2) deny Plaintiff's request to amend the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of March, 2015.

---

[6] Negligent and intentional conduct falls within the "random and unauthorized" concept. *See Brown v. Hot, Sexy & Safer Prods., Inc.*, 68 F.3d 525, 535 (1st Cir. 1995) (discussing the development of the concept); *see also Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that "mere lack of due care" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."); *Hudson v. Palmer,* 468 U.S. 517, 533–535 (1984) ("For intentional ... deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide suitable postdeprivation remedies.").

[7] Although Defendants did not raise this issue, the Court may consider the futility of potential theories as part of its gatekeeping function under the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2)(B)(ii). "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

[8] Although Plaintiff has asserted his intention to withdraw his claim against the Maine State Prison, because Plaintiff has failed to state a federal claim, the recommendation is that the Court dismiss with prejudice Plaintiff's claim against the Maine State Prison.